1  John Tehranian (SBN 211616)
   jtehranian@onellp.com
2  Jenny S. Kim (SBN 282562)
   jkim@onellp.com
3  **ONE LLP**
4  4000 MacArthur Blvd.
   East Tower, Suite 500
5  Newport Beach, CA  92660
   Telephone:   (949) 502-2870
6  Facsimile:    (949) 258-5081

7

8  Attorneys for Plaintiff
   Alexander Wild dba Alex Wild Photography
9

10

11

12                **UNITED STATES DISTRICT COURT**

13                    **DISTRICT OF ARIZONA**

14  ALEXANDER WILD dba ALEX          | Case No.
    WILD PHOTOGRAPHY, an             |
15  individual,                      |
                                     |
16          Plaintiff,               | **COMPLAINT FOR COPYRIGHT**
                                     | **INFRINGEMENT (17 U.S.C. § 501)**
17   v.                              |
                                     |
18  PREVENTIVE PEST CONTROL          | **DEMAND FOR JURY TRIAL**
    MESA, LLC, an Arizona limited    |
19  liability company; PREVENTIVE    |
    PEST CONTROL PHOENIX, LLC, an    |
20  Arizona limited liability company; and |
    DOES 1-10, inclusive,           |
21                                   |
22          Defendant.               |

23

24

25

26

27

28

Plaintiff Alexander Wild dba Alex Wild Photography ("Plaintiff"), by and through his attorneys of record, complains against Preventive Pest Control Mesa, LLC and Preventive Pest Control Phoenix, LLC, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief against Defendants for willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2.      This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of Arizona and Maricopa County.

## PARTIES

4.      Plaintiff is an individual residing in Austin, Texas.

5.      Plaintiff is informed and believes that Defendant Preventive Pest Control Mesa, LLC, is a limited liability company organized under the laws of the State of Arizona with its principal place of business located at 1844 East Emelita Avenue, Mesa, Arizona 85204. Defendant Preventive Pest Control Mesa, LLC operates, is affiliated with, and is promoted on the website preventivepestaz.com, as admitted in sworn declarations submitted by Defendants' principles and/or agents in *Wild v. Preventive Pest Control, LLC*, Case No. 2:19-cv-1420-CJC (SKx) (C.D. Cal.).

6.     Plaintiff is informed and believes that Defendant Preventive Pest Control Phoenix, LLC, is a limited liability company organized under the laws of the State of Arizona with its principal place of business located at 7615 North 75th Avenue #103, Phoenix, Arizona 85027. Defendant Preventive Pest Control Mesa, LLC operates, is affiliated with, and is promoted on the website preventivepestaz.com, as admitted in sworn declarations submitted by Defendants' principles and/or agents in *Wild v. Preventive Pest Control, LLC*, Case No. 2:19-cv-1420-CJC (SKx) (C.D. Cal.).

7.     DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

8.     Plaintiff is informed and believes that at all times herein mentioned, each of the Defendants was the agent, servant, employee, and/or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency and/or employment, and with the permission and consent, express and/or implied, of the other Defendants herein. A unity of interest and ownership exists between and among the Defendants such that there is no distinction between or among the Defendants and if the acts alleged herein by one Defendant are treated as the acts of that Defendant alone, an inequitable result will follow. Plaintiff is informed and believes that Defendants have utilized these entities to commit the wrongs alleged herein, to shield themselves from personal liability for their conduct, and to hinder, delay, and/or defraud others. In order to effect justice herein, the corporate fiction

1  maintained by Defendants must be pierced, all relief and damages should be

2  awarded against all Defendants jointly and severally, and all acts of the

3  Defendants should be treated as the acts of the other Defendants.

4  **FACTS**

5  *Plaintiff's Ownership of Copyrights*

6       9.       As a biologist with a Ph.D. in entomology from the University of

7  California at Davis with a research focus on ants, Plaintiff has worked as a

8  professional photographer since 2002 and specializes in ant and insect

9  photography, becoming one of the world's best-known insect photographers.

10  Plaintiff's bold, creative works depicting insects in dynamic close-ups are in high

11  demand for commercial use, as his images have been licensed for use in print,

12  broadcast, and electronic marketing materials, pesticide product labels, field

13  guides, museum displays, online games, board games, app graphics, nature

14  documentaries, broadcast television, online videos, editorial journalism, print

15  magazines, eBooks, children's books, educational products, toy packaging,

16  collectible coin graphics, canned food packaging, advertisements for pet ants, and

17  pest control industry training materials. Plaintiff is the owner of all rights, title

18  and interest, including the copyrights, in and to over 10,000 photographic images,

19  including the photographs at issue in this suit.

20       10.      Plaintiff is the author and owner of all rights, title and interests,

21  including the copyright, in and to the photograph entitled "Bureni12." Bureni12

22  is timely registered with the United States Copyright Office at Registration No.

23  VAu 1-084-251, a true and correct copy of which is attached as Exhibit A.

24       11.      Plaintiff is the author and owner of all rights, title and interests,

25  including the copyright, in and to the photograph entitled "Occidentale52."

26  Occidentale52 is timely registered with the United States Copyright Office at

27  Registration No. VAu 1-084-251, a true and correct copy of which is attached as

28  Exhibit A.

12.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Melanocephalum61." Melanocephalum61 is timely registered with the United States Copyright Office at Registration No. VAu 1-084-251, a true and correct copy of which is attached as Exhibit A.

13.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Minimum9." Minimum9 is timely registered with the United States Copyright Office at Registration No. VAu 1-084-251, a true and correct copy of which is attached as Exhibit A.

14.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Rubicunda3." Rubicunda3 is timely registered with the United States Copyright Office at Registration No. VAu 1-084-251, a true and correct copy of which is attached as Exhibit A.

15.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Obscuripes122." Obscuripes122 is timely registered with the United States Copyright Office at Registration No. VAu 1-006-218, a true and correct copy of which is attached as Exhibit B.

16.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Longicornis11j." Longicornis11j is timely registered with the United States Copyright Office at Registration No. VAu 1-006-218, a true and correct copy of which is attached as Exhibit B.

17.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Mimicus7." Mimicus7

is timely registered with the United States Copyright Office at Registration No.

VAu 1-006-218, a true and correct copy of which is attached as Exhibit B.

18.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Molesta41." Molesta41 is timely registered with the United States Copyright Office at Registration No. VAu 1-051-375, a true and correct copy of which is attached as Exhibit C.

19.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Pharaonis4j." Pharaonis4j is timely registered with the United States Copyright Office at Registration No. VAu 962-461, a true and correct copy of which is attached as Exhibit D.

20.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Invicta5j." Invicta5j is timely registered with the United States Copyright Office at Registration No. VAu 962-461, a true and correct copy of which is attached as Exhibit D.

21.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Esenbeckii11." Esenbeckii11 is timely registered with the United States Copyright Office at Registration No. VAu 1-126-461, a true and correct copy of which is attached as Exhibit E.

22.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Barbatus2." Barbatus2 is timely registered with the United States Copyright Office at Registration No. VAu 699-806, a true and correct copy of which is attached as Exhibit F.

23.     Plaintiff is the author and owner of all rights, title and interests, including the copyright, in and to the photograph entitled "Caespitum8." Caespitum8 is timely registered with the United States Copyright Office at

Registration No. VAu 1-160-430, a true and correct copy of which is attached as Exhibit G.

24.     The photographs referred to in Exhibits A through G are collective referred to as the "Photographs."

25.     Plaintiff has never licensed his copyrights in the Photographs to the Defendants and has never authorized any use thereof by the Defendants.

*The Defendants and Their Infringing Activity*

26.     Defendants are "a web of pest control professionals helping people from Texas to California, and up through the Rocky Mountains protecting against pest threats."[1] Though Defendants advertise that "[e]ach of our 9 locations are locally owned and operated, guaranteeing local expertise in dealing with your pest issue,"[2] in practice the same set of principals exercise significant control and management authority over the "locations," which are now more than nine.

27.     Plaintiff is informed and believe that Defendants operate the "locations" as a single business entity, notwithstanding their formal corporate organization as separate entities. For example, the same principals and agents are represented in the public corporate filings of the different regional LLCs and corporations:

| Name | Entity | Role |
|------|--------|------|
| Greg Richard Hunt | Preventive Pest Control, L.L.C. NEW MEXICO | Organizer |
| | Preventive Pest Control Phoenix, LLC ARIZONA | Member |
| | Preventive Pest Control Mesa, LLC | Member |

---

[1] *See* http://www.preventivepestcontrol.com/about-us/.
[2] *Id.*

| Name | Entity | Role |
|------|--------|------|
|  | ARIZONA |  |
|  | Preventive Pest Control SoCal Inc. CALIFORNIA | Secretary (2015) Director (2015) |
|  | Preventive Pest Control Houston, LLC TEXAS | Chief Executive Director |
|  | Preventive Pest Control Logsdon, LLC TEXAS | President Director |
|  | Preventive Pest Control Mesquite, LLC NEVADA | Managing Member |
| Richard Hunt | Preventive Pest Control Mesquite, LLC UTAH | Registered Agent |
| Heather Hunt | Preventive Pest Control Las Vegas, LLC NEVADA | Managing Member |
| Eric Lavon Oleson | Preventive Pest Control Phoenix, LLC ARIZONA | Member |
| Kevin Leon Oleson | Preventive Pest Control, L.L.C. NEW MEXICO | Organizer |

| Name | Entity | Role |
|------|--------|------|
| Jeremy Logsdon | Preventive Pest Control Houston, LLC TEXAS | Registered Agent |
| | Preventive Pest Control Logsdon, LLC TEXAS | Registered Agent Officer Director |
| Justin Charles Bradshaw | Preventive Pest Control Mesa, LLC ARIZONA | Member |
| Chelsey Elkins | Preventive Pest Control, L.L.C. NEW MEXICO | Registered Agent |
| Jeffrey Thayne Burns | Preventive Pest Control Las Vegas, LLC NEVADA | Managing Member |
| Stuart A. Lowe | Preventive Pest Control SoCal Inc. CALIFORNIA | Owner Agent for Service of Process CEO (2015) CFO (2015) Director (2015) |
| Brandon Kent Poole | Preventive Pest Control Utah, LLC UTAH | Registered Agent |

| Name | Entity | Role |
|---|---|---|
| Christopher Alan Lundeen | Preventive Pest Control Tennessee, LLC TENNESSEE | Registered Agent |

28.     Moreover, Defendants purposefully direct their business to the states of California, Texas, Nevada, Arizona, New Mexico, Utah, and Tennessee by advertising the "locations" in each of these states through preventivepestcontrol.com[3]:



29.     In 2017, Plaintiff discovered that Defendants had made unauthorized and uncompensated commercial use of the Photographs in violation of Plaintiff's exclusive rights secured under § 106 of the Copyright Act, by, among other things, reproducing, distributing and publicly display high-resolution copies of the Photographs on the website preventivepestaz.com. A true and correct copy of said uses is attached as Exhibit H.

[3] *See* http://www.preventivepestcontrol.com/locations/.

30.     On April 3, 2018, Plaintiff, through his agent, sent an email to Defendants identifying Defendants' infringing use of the Photographs on the website preventivepestaz.com.

31.     Plaintiff requested that Defendants either provide documentation for their license or obtain a license, and further asked that the infringing uses of the Photographs be removed from the website.

32.     On the same day, April 3, 2018, Defendants' agent Allen Sheffield responded to Plaintiff's email, stating that the infringing images were taken from the website preventivepestcontrol.com: "We have another site that we use for our company, preventivepestcontrol.com, and I believe that our SEO company (Everything Online) paid for the images to be used on that site. Last year we launched a local site for our Arizona offices and used some of the site from preventivepest.com." Thus, though Defendants posited—incorrectly—that the uses were licensed with respect to preventivepestcontrol.com, they *admitted that the uses on preventivepestaz.com were simply copied without authorization*.

33.     Further, because Plaintiff never actually licensed Defendants to use the Photographs on preventivepestcontrol.com, by Mr. Sheffield's own admission, Defendants' infringement spans at least two websites: preventivepestcontrol.com and preventivepestaz.com.

34.     Mr. Sheffield confirmed that "we have removed the images from preventivepestaz.com," but did *not* state whether the infringing images were removed from preventivepestcontrol.com.

35.     All the while, discussions broke down between Plaintiff's agent and Defendants regarding Defendants compensation to Plaintiff for their commercial use of Plaintiff's images without authorization, thereby necessitating this lawsuit.

36.     Defendants have violated federal law by infringing the copyrights to the Photographs extensively by, *inter alia*, reproducing, distributing, and publicly

displaying the Photographs in advertising, promotional displays and other commercial materials without authorization of or payment to Plaintiff.

37.     Defendants' use of the Photographs for advertising and promotional purposes is irrepressibly commercial and has served to generate more revenue and attract clientele to Defendants by, *inter alia*, providing potential customers with vivid and anatomically detailed visual representations of the kinds of insects to which Defendants direct their services.

38.     Defendants possess no valid permission, consent, or license to reproduce, publicly display, distribute, or make any other use of the Photographs. They similarly possess no permission, consent, or license to sublicense use of the Photographs. As such, Defendants' unauthorized exploitation of the Photographs violates Plaintiff's exclusive rights to the Photographs, as secured under the federal Copyright Act, 17 U.S.C. § 106, and constitutes wholesale copyright infringement.

39.     Defendants' acts of infringement are willful because, *inter alia* and on information and belief, Defendants run a sophisticated, multi-million-dollar business and, as such, possess full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. Defendants even claim copyright over their own websites ("COPYRIGHT ©2019 PREVENTIVE PEST CONTROL AZ. ALL RIGHTS RESERVED") and register, maintain and enforce their own intellectual property rights, including trademark serial number 87869090, through a holding company named PPC Holdings, LLC. Furthermore, Defendants have admitted that they launched the infringing website at issue and used Plaintiff's images without bothering to acquire, let alone check into, the rights related thereto.

40.     As such, Defendants infringing actions were willful and are subject to statutory damage awards of up to $150,000 per willful act of infringement under 17 U.S.C. §§ 504(c)(2).

### FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

41.     Plaintiff incorporates here by reference the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

42.     Plaintiff is the owner of all rights, title and interest in the copyright to the Photographs, which substantially consists of material wholly original with Plaintiff and which is copyright subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights and the Photographs are registered with the United States Copyright Office.

43.     Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe his copyrights by reproducing, displaying, distributing and utilizing the Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq*.

44.     All of Defendants' acts are and were performed without Plaintiff's permission, license, or consent.

45.     The said wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing its copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of its copyrights.

46.     As a result of the acts of Defendants alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of loss of

1 profits, injury to goodwill and reputation, and the dilution of the value of its

2 rights, all of which are not yet fully ascertainable.

3 **PRAYER FOR RELIEF**

4     WHEREFORE, Plaintiff requests judgment against Defendants as follows:

5     1.    For an order permanently enjoining Defendants, their officers,

6 agents, servants, employees, representatives, and attorneys, and all persons in

7 active concert or participation with them, from designing, copying, reproducing,

8 displaying, promoting, advertising, distributing, or selling, or engaging in any

9 other form of dealing or transaction in, any and all products and services

10 (including advertising and promotional materials, print media, signs, internet web

11 sites, or any other media related thereto), either now known or hereafter devised,

12 that infringe, contributorily infringe, vicariously infringe, or induce infringement

13 of Plaintiff's copyrights in the Photographs;

14     2.    For the entry of a seizure order directing the U.S. Marshall to seize

15 and impound all items possessed, owned or under the control of Defendants, their

16 officers, agents, servants, employees, representatives and attorneys, and all

17 persons in active concert or participation with them, which infringe upon

18 Plaintiff's copyrights, including but not limited to any and all advertising

19 materials, print media, signs, internet web sites, domain names, computer hard

20 drives, servers or any other media, either now known or hereafter devised,

21 bearing any design or mark which infringe, contributorily infringe, or vicariously

22 infringe upon Plaintiff's copyrights in the Photographs as well as all business

23 records related thereto, including, but not limited to, lists of advertisers, clients,

24 customers, viewers, distributors, invoices, catalogs, and the like;

25     3.    For actual damages and disgorgement of all profits derived by

26 Defendants from their acts of copyright infringement and to reimburse Plaintiff

27 for all damages suffered by Plaintiff's by reasons of Defendants' acts, pursuant to

28 17 U.S.C. §§ 504 (a)(1) & (b);

4.    For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5.    For statutory damages for infringement pursuant to 17 U.S.C. §§ 504(a)(2) & (c);

6.    For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b) and 17 U.S.C. § 505;

7.    For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

8.    For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from making any use of the Photographs without providing authorship and copyright attribution to Plaintiff; and

9.    For any such other and further relief as the Court may deem just and appropriate.


Dated: June 19, 2019                          **ONE LLP**


                                              By: /s/ John Tehranian
                                                  John Tehranian
                                                  Jenny S. Kim

                                                  Attorneys for Plaintiff
                                                  Alexander Wild dba Alex Wild
                                                  Photography

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury as to all claims and all issues

3  properly triable thereby.

4

5  Dated: June 19, 2019                    **ONE LLP**

6

7                                By:  /s/ John Tehranian
                                      John Tehranian
8                                     Jenny S. Kim

9
                                      Attorneys for Plaintiff
10                                    Alexander Wild dba Alex Wild
                                      Photography
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28